﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200220-62853
DATE: December 31, 2020

ORDER

Service connection for a sleep disorder, secondary to a right shoulder disability, is denied.

Service connection for a left ear hearing loss disability is denied.

Service connection for a right ear hearing loss disability is denied.

REMANDED

Entitlement to a compensable rating for tension headaches is remanded.

Service connection for a thoracolumbar spine disability (claimed as an upper back disability) is remanded.

Service connection for a neck disability is remanded.

FINDINGS OF FACT

1. The preponderance of the evidence weighs against a finding that the Veteran has a diagnosed sleep disability which began during or is etiologically related to service or secondary to his right shoulder disability.

2. The preponderance of the evidence weighs against a finding that the Veteran has a diagnosis of a left ear hearing loss disability as defined by VA regulation.

3. The preponderance of the evidence weighs against a finding that the Veteran has a diagnosis of a right ear hearing loss disability as defined by VA regulation.

CONCLUSIONS OF LAW

1. The criteria for service connection for a sleep disorder have not been met. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.310.

2. The criteria for service connection for left ear hearing loss disability have not been met. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.385.

3. The criteria for service connection for a right ear hearing loss disability have not been met. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.385.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 2017 to January 2019.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA).  This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review dated on or after February 19, 2019.  

By way of history, in a March 2019 rating decision, the AOJ granted service connection for tension headaches (assigning a noncompensable evaluation) and denied service connection for a neck disability, an upper back disability, a right ear hearing loss disability, and a sleep disorder (claimed as sleep issues secondary to a right shoulder disability). In August 2019, he requested Higher-Level Review of the denial of service-connection for a right ear hearing loss disability, and service connection for a right ear hearing loss disability was again denied in a September 2019 rating decision.

In December 2019, a special review of the Veteran’s file was mandated and a rating decision that month again denied service connection for a neck disability, an upper back disability, a right ear hearing loss disability, and a sleep disorder (claimed as sleep issues secondary to a right shoulder disability) and also denied a compensable rating for headaches. In a January 2020 rating decision, the AOJ denied service connection for a left ear hearing loss disability; notably, the first time the Veteran claimed hearing loss generally (and not specific to his right ear) was in a June 2019 Fully Developed Claim.

In February 2020, the Veteran filed a timely Notice of Disagreement (VA Form 10-182) with respect to the six issues currently before the Board and elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the December 2019 and January 2020 rating decisions pertaining to the issues on appeal decided in those rating decisions. 38 C.F.R. § 20.301.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims of entitlement to service connection for a sleep disorder, a right ear hearing loss disability, and a left ear hearing loss disability, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence, and if the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. 38 C.F.R. § 3.2501. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

Service connection may be established for disability due to a disease or injury that was incurred in or aggravated by active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may also be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

In general, in order to prevail on the issue of service connection the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Additionally, a disability that is proximately due to, or results from, another disease or injury for which service connection has been granted, will be considered part of the original disorder. 38 C.F.R. § 3.310(a). Moreover, any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease, will be service connected. 38 C.F.R. § 3.310(b). 

1. Service connection for a sleep disorder, secondary to a right shoulder disability

On his application for compensation, the Veteran claimed service connection for “sleep issues,” secondary to his right shoulder disability. He has not submitted any additional lay statements in support of his claim.

The AOJ did not make any favorable findings with respect to this issue in its December 2019 rating decision.

At an August 2018 VA mental health examination, the Veteran reported delayed sleep onset of two hours and interrupted sleep (waking up two to three times a night), which he attributed to his shoulder pain following injury and surgery. He indicated his current sleep problems did not cause significant distress or impairment in functioning. The examiner found the Veteran did not have any sleep disorder diagnosis, including insomnia, because he specifically denied significant distress or impairment in functioning. 

Absent a diagnosed disability, service connection is not warranted as a matter of law. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) (holding that service connection presupposes a current diagnosis of the condition claimed); see also McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The Board has considered whether the Veteran’s sleep impairment causes functional impairment of earning capacity, such that it could be considered a disability for VA purposes, absent an actual, identifiable diagnosis. See Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018). However, given that the Veteran specifically denied significant distress or impairment in functioning, there is no competent evidence that his sleep problems result in impairment of earning capacity.

In this regard, the Board finds the Veteran is competent to report symptoms, such as sleeping. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). However, as a lay person, his statements are not competent evidence to determine whether he has a sleep disorder diagnosis, as he has not demonstrated he has the medical education, expertise, or training to do so. See 38 C.F.R. § 3.159(a).

Based on the foregoing, the preponderance of the evidence weighs against a finding that the Veteran has a diagnosed sleep disorder (or symptoms rising to the level of functional impairment of earning capacity), and therefore, his claim must be denied.

2. Service connection for a left ear hearing loss disability

3. Service connection for a right ear hearing loss disability

In the December 2019 and January 2020 rating decisions the AOJ made a favorable finding that the Veteran’s military occupational specialty (MOS) is associated with a high probability of hazardous noise exposure. The AOJ also made favorable findings that hearing loss is an organic disease of the nervous system under 38 C.F.R. § 3.309(a) and that the Veteran has sufficient service to meet the minimum requirements for presumptive service connection. The Board is bound by these favorable findings.

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, and 4000 Hertz (Hz) is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hz are 26 decibels or greater; or when the speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The Veteran was afforded VA audiological examinations in August 2019, and December 2019. The Board acknowledges there is evidence of hearing loss at some frequencies. See Hensley v. Brown, 5 Vet. App. 155, 157 (1993) (noting that the threshold for normal hearing is from 0 to 20 decibels and higher threshold levels indicate some degree of hearing loss). However, the evidence does not demonstrate the Veteran has a hearing loss disability as defined by VA regulation. See 38 C.F.R. § 3.385. Significantly, when examining the auditory thresholds in the 500, 1000, 2000, 3000, and 4000 Hertz frequencies, none are over 40 decibels; and there is no evidence of frequencies at 26 decibels or higher in at least three of those thresholds. See id. Moreover, none of the examinations contained speech recognition scores in either ear of less than 94 percent. See id. 

The Board recognizes that the Veteran is competent to report symptoms of hearing loss that he experiences, as this requires only personal knowledge. See Layno, 6 Vet. App. at 470. However, as a lay person, his statements are not competent evidence to determine whether he has a hearing loss disability as defined by VA regulation. See 38 C.F.R. § 3.159(a); see also Martinak v. Nicholson, 21 Vet. App. 447, 455 (2007) (indicating that the criteria for evaluating hearing impairment rely exclusively on objective test results).

While the Board acknowledges that the Veteran was exposed to acoustic trauma during service, absent a current diagnosis of a hearing loss disability under VA regulation in either ear, the Veteran’s claims must be denied as a matter of law.

In this regard, the Board notes that no pre-decisional duty to assist error has been made in denying the Veteran’s claims based on a finding of no disability under VA regulation at an examination prior to the one-year period following his separation from active duty (i.e. within the presumptive period). There is no requirement under VA law, regulations, or caselaw that the Board wait to make a decision on chronic disabilities within the presumptive period. In this regard, if the Veteran wishes to submit new and relevant evidence along with a Supplemental Claim, and, if the evidence demonstrates service connection is warranted, he will be able to continuously pursue his claims, and therefore, preserve his effective dates. Thus, this decision is consistent with the new framework under the Appeals Modernization Act and does not prejudice the Veteran.

REASONS FOR REMAND

1. Entitlement to a compensable rating for tension headaches

Initially, the Board notes that the AOJ did not make any favorable findings with respect to this issue in its December 2019 AMA rating decision.

At an August 2018 pre-discharge examination, the Veteran reported experiencing tension headaches associated with right shoulder pain and scapular area muscle tension, usually lasting around half a day, moderate in severity, and generally stable over time. However, this examination does not document the Veteran’s reports of the frequency of his headaches and there is no indication elsewhere in the record how often they occur. Thus, a remand is required to obtain an examination which considers the Veteran’s reports of not only the duration and severity of his headaches, but also the frequency. 

2. Service connection for thoracolumbar spine disability (claimed as an upper back disability) is remanded.

3. Service connection for a neck disability is remanded.

In the December 2019 rating decision, the AOJ made a favorable finding that the Veteran reported neck and upper back pain in 2017 and noted there has not been further treatment and the condition has remained the same. The Board additionally notes that the Veteran injured his right shoulder during active duty in September 2017 and underwent surgery and subsequent physical therapy. In-service physical therapy notes dated in 2018 reflect he complained of neck and upper trapezius pain in connection with his right shoulder on several occasions.

The Veteran’s claims were denied by the AOJ based on an August 2018 pre-discharge examination, performed approximately four months prior to his separation from service. Where pain alone results in functional impairment, even if there is no identified underlying diagnosis, it can constitute a disability. However, subjective pain in and of itself will not establish a current disability. Consideration should be given to the impact, or lack thereof, from pain, focusing on evidence of functional limitation caused by pain. Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir., 2018). There is no diagnosis regarding the neck or back; however, the complaints of pain and any resulting functional limitation were not considered by the 2018 examiner. Additionally, no radiological testing was performed at this examination and there is no radiological testing of the cervical or thoracolumbar spine of record. 

The Board notes that while the Veteran has claimed an “upper back” condition, consideration must be given to his entire thoracolumbar spine. See Clemons v. Shinseki, 23 Vet. App. 1, 4-5 (2009). 

Accordingly, a remand is required to correct these pre-decisional duty to assist errors. 

The matters are REMANDED for the following action:

1. Afford the Veteran an examination to determine the current severity of his tension headache disorder. 

The examiner must obtain from the Veteran and record in the examination report a complete description regarding the symptoms he experiences, to include the frequency, severity, and duration of his headaches. 

The examiner must provide responses to all questions listed in the examination report and must specifically describe any functional impairment (occupational or with activities of daily living) the Veteran experiences due to his headaches.

2. Schedule the Veteran for an examination where any functional impairment of the back or neck is considered and also obtain x-rays of the Veteran’s thoracolumbar spine and cervical spine.

Thereafter, the medical professional is requested to provide the following opinions (separate for the thoracolumbar and cervical spine, if applicable) with consideration of the medical and lay evidence of record:

(i) Determine whether it is at least as likely as not (50 percent probability or higher) that any degenerative changes found manifested within one year of the Veteran’s separation from active duty service (by January 20, 2020). Why or why not?

(ii) Determine whether it is at least as likely as not (50 percent probability or higher) that any neck or back disability found (to include consideration of pain resulting in functional impairment) is etiologically related to the Veteran’s active duty service. Why or why not?

(iii) Determine whether it is at least as likely as not (50 percent probability or higher) that any neck or back disability found (to include consideration of pain resulting in functional impairment) is caused by the Veteran’s service-connected right shoulder disability. Why or why not?

(iv) Determine whether it is at least as likely as not (50 percent probability or higher) that that any neck or back disability found (to include consideration of pain resulting in functional impairment) is aggravated by the Veteran’s service-connected right shoulder disability. Why or why not? 

A complete rationale for each opinion is required. If the examiner is unable to provide any opinion without resorting to speculation, he or she must explain why this is so.

 

 

Jennifer White

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board O'Connell, Jessica L.

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.